IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

UNITED STATES OF AMERICA,

    Plaintiff,

    v.

JESSE A. CANTU,

    Defendant.

Case No. 19-cr-40066-JPG

## MEMORANDUM AND ORDER

This matter comes before the Court on defendant Jesse A. Cantu's *pro se* motion for a reduction of his criminal sentence pursuant to 18 U.S.C. § 3582(c)(2) and United States Sentencing Guidelines Manual ("U.S.S.G.") § 1B1.10, making Amendment 821 retroactive (Doc. 63). Counsel voluntarily appeared for the defendant and has moved to withdraw because he does not believe the defendant is eligible for a reduction (Doc. 69). *See Anders v. California*, 386 U.S. 738, 744 (1967). The Government has responded to counsel's motion indicating it has no objection to counsel's withdrawal and agrees that the defendant is not eligible for a reduction (Doc. 71). The defendant did not respond to counsel's motion to withdraw, although he was given an opportunity to do so.

The defendant pled guilty to one count of attempted enticement of a minor to engage in unlawful sexual activity. At sentencing, the Court found the defendant's total offense level was 27. The defendant had accumulated 2 criminal history points, none of which were awarded because he was under a criminal sentence when he committed his offense of conviction ("status points"). This placed him in criminal history category II and would have yielded a sentencing range of 78 to 97 months in prison. However, the defendant's offense has a statutory minimum sentence of 10 years, 18 U.S.C. § 2422(b), making his guideline range 120 months. *See*

U.S.S.G. § 5G1.1(b).  The Court imposed a sentence of 120 months.

The defendant now asks the Court to apply recent changes to the Sentencing Guidelines to lower his sentence.  Part A of Amendment 821 amended U.S.S.G. § 4A1.1(e) (2023) and concerns criminal history status points.  For defendants who received status points, Amendment 821 provides that their 2-point assessment be reduced to 1 or no points.  Part B of Amendment 821 added U.S.S.G. § 4C1.1 (2023) to reduce the offense level of some offenders with no criminal history points.  Amendment 821 is retroactive.  *See* U.S.S.G. § 1B1.10(d) (2023).

Section 3582(c)(2) allows the Court to reduce a defendant's previously imposed sentence where "a defendant . . . has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o) . . . ."  In doing so, the Court must consider the factors set forth in 18 U.S.C. § 3553(a) and must ensure that any reduction "is consistent with applicable policy statements issued by the Sentencing Commission."  18 U.S.C. § 3582(c)(2).  Thus, a defendant urging a sentence reduction under § 3582(c)(2) must satisfy two criteria:  (1) the Sentencing Commission must have lowered the applicable guideline sentencing range, and (2) the reduction must be consistent with applicable policy statements issued by the Sentencing Commission.

The defendant does not satisfy the first criterion because he was not "sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o)."  18 U.S.C. § 3582(c)(2).  Amendment 821 did not lower the defendant's guideline sentencing range.  He did not have status points, so Part A does not apply to lower his criminal history point total.  And he had criminal history points, so Part B does not apply to lower his offense level.  Thus, Amendment 821 did not result in a lower offense level or criminal history category, so it did not lower the defendant's

sentencing range.   Therefore, the defendant is not eligible for a sentence reduction.

Because Cantu is not eligible for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) and U.S.S.G. Amendment 821, the Court **GRANTS** counsel's motion to withdraw (Doc. 69) and **DENIES** Cantu's *pro se* motion for a reduction (Doc. 63).   CJA Panel Attorney Andrew Sottile is **TERMINATED** as counsel in this case with the Court's sincere thanks for representing the defendant *pro bono*.

**IT IS SO ORDERED.**
**DATED:   June 20, 2024**

                                                 s/ J. Phil Gilbert
                                                 **J. PHIL GILBERT**
                                                 **U.S. DISTRICT JUDGE**